UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Estate of Glen H. Roth,
Deceased, by its Personal
Representative, Debra Roth,

          Plaintiff,

v.

Muhammad T. Mehmood, *et al.*,

          Defendants.

Case No. 22-10160

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL [43]**

Before the Court is Plaintiff's motion to seal the settlement memorandum and the confidential order approving settlement and distributing proceeds. (ECF No. 43, PageID.244.) The motion is unopposed. (*Id.* at PageID.247.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal. A request for a seal must be "narrowly tailored . . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2). The

Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." E.D. Mich. LR 5.3(b)(3)(C)(i).

Even if no party objects to a motion to seal, "[t]here is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* (citation omitted). "[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). Additionally, the Court must consider the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.*

Plaintiff seeks to seal two documents: 1) "Confidential Settlement Memorandum with a detailed breakdown of all settlement funds" and 2) "Confidential Order Approving Settlement and Distributing Proceeds which describes structured settlement terms." (ECF No. 43, PageID.244.)

Plaintiff filed a redacted copy of the first document. (*Id.* at PageID.249–252.) The second document is "to be provided following hearing." (*Id.* at PageID.244.)

Plaintiff argues that these documents should be filed under seal because:

> the amount to be received by the heirs . . . is not a matter of public concern and there is an interest in maintaining privacy as to any amounts received pursuant to this settlement. Because this is generally considered not to be a matter of public concern, the requested documents are appropriate for being sealed.

(ECF No. 43, PageID.247 (citing *Jackson v. General Electric Aviation*, No. 1:10-cv-629, 2020 WL 5290535, at *3 (S.D. Ohio Sept. 4, 2020)).)

Plaintiff's motion as to the second document, the "Confidential Order Approving Settlement and Distributing Proceeds which describes structured settlement terms," is DENIED WITHOUT PREJUDICE. (*Id.* at PageID.244.) The parties have not provided the Court with the document, so it cannot conduct a review of the document and determine if it meets the *Shane Group* factors. *See* LR 5.1(b)(3)(A).

Plaintiff's motion as to the first document, the "Confidential Settlement Memorandum," is GRANTED.

First, Plaintiff has set forth compelling reasons for nondisclosure of the portions of the Confidential Settlement Memorandum (ECF No. 43, PageID.249–252) that detail the amount of settlement funds and the breakdown of settlement funds. Nondisclosure of these amounts is justified because "[t]he information here relates to a private settlement between private parties" and "is not a matter of public concern." *Jackson*, 2020 WL 5290535, at *3 (granting motion to seal); *see also Tecnomatic S.p.A. v. Atop S.p.A.*, No. 18-12869, 2023 WL 4679003, at *1 (E.D. Mich. July 21, 2023) (collecting cases that sealed information related to a settlement agreement). Further, the Court has special concern for the privacy of the minor heir who would receive funds under the settlement agreement. (*See* ECF No. 43, PageID.252.) For these reasons, the Court finds that Plaintiff has met the first two *Shane Group* factors because the interest of the parties in protecting the nondisclosure of the settlement amounts – especially for the minor heir – outweigh the public's limited interest in the dollar amounts of the settlement agreement in a private dispute.

Plaintiff also satisfies the third *Shane Group* factor. Based on the Court's review of the Confidential Settlement Memorandum, the

redaction of the dollar amounts is narrowly tailored to cover only the sensitive information. S*ee Rollinger v. FCA US LLC*, No. 2:20-CV-11242, 2022 WL 18859657, at *1 (E.D. Mich. Nov. 28, 2022) ("The redactions in the confidential addendum allow the public to see that the parties settled their differences and that Defendant paid some amount of money to Plaintiffs, but it withholds information that is not of concern to the public, such as the amount of the settlement.").

Accordingly, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Plaintiff may file under seal the Confidential Settlement Memorandum.

Dated: January 26, 2024  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 26, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager